UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT FITZPATRICK; ALICIA PHILLIPS; DAVID FRAIZER; JERRY MULLENIX; TIMOTHY CHRISTENSEN; YOLANDA PULLMAN; and VERONICA WALKER<br><br>      Plaintiffs,<br>v.<br><br>BRAD LITTLE, in his official capacity as the Governor of the State of Idaho; LORI WOLFF,[1] in his official capacity as the Director of the Idaho Department of Administration and in his individual capacity; and COLONEL KENDRICK WILLS, in his official capacity as the Director of the Idaho State Police,<br><br>      Defendants. | Case No. 1:22-cv-00162-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is the Defendants' Motion to Dismiss the Amended Complaint. Dkt. 29. Plaintiffs responded (Dkt. 30), and the Defendants replied (Dkt. 34). The Court finds that the decisional process would not be significantly aided by oral argument and will decide the motion on the briefs. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons below, the Court GRANTS in PART and DENIES in PART the

---

[1] In their First Amended Complaint, Plaintiffs sued Keith Reynolds in both his official capacity as Director of the Idaho Department of Administration and in his individual capacity. Director Reynolds had planned to, and now has, retired from the State. Lori Wolff has assumed the role of Interim Director of the Department of Administration. As such, Ms. Wolff is substituted for Mr. Reynolds for all claims previously against him in his official capacity. Fed. R. Civ. P. 25(d).

MEMORANDUM DECISION AND ORDER – 1

Defendants' Motion to Dismiss.

## II. BACKGROUND[2]

On January 9, 2023, the Court issued an opinion dismissing the Plaintiffs' ("Campers") Complaint for lack of standing and failing to state a claim. Dkt. 22. Except for two counts involving the Eighth Amendment, the Court dismissed the remaining counts without prejudice but granted the Campers leave to amend. *Id.* at 33.

Subsequently, the Campers timely filed an Amended Complaint on February 8, 2023. Dkt. 24. As before, the Campers allege that the Defendants ("Officials") violated their constitutional rights by enforcing Idaho Code Section 67-1613 ("anti-camping statute"). The Campers seek injunctive relief and declaratory relief, as well as damages against Defendant Reynolds.

In response, the Officials filed the instant Motion to Dismiss, again alleging that the Campers cannot circumvent the Eleventh Amendment, lack standing, and have failed to state a claim. Dkt. 29.

## III. LEGAL STANDARD

**A. Rule 12(b)(1)**

A motion to dismiss based on a lack of Article III standing arises under Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). When such a motion is brought for lack of subject matter jurisdiction, it may challenge jurisdiction on the face of the pleadings or by presenting extrinsic evidence for the court's

---

[2] The Court adopts in full the Background section in its previous decision. *See* Dkt. 22, at 1–4.

consideration. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (holding a jurisdictional attack may be facial or factual). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

Where an attack is facial, the court confines its inquiry to allegations in the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When ruling on a facial jurisdictional attack, courts must "accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *De La Cruz v. Tormey*, 582 F.2d 45, 62 (9th Cir. 1978) (citing *Warth v. Seldin*, 422 U.S. 490, 501(1975)). However, the plaintiff bears the burden of alleging legally sufficient facts to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

On the other hand, in a factual attack, "a district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039. When this is the case, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* Instead, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is inappropriate unless it is beyond doubt that an amendment could not save the complaint. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

### IV. ANALYSIS

As before, the Court begins with sovereign immunity and standing. It will then address each of the Campers' claims one by one before briefly touching on Director Reynold's qualified immunity argument.[3]

**A. Sovereign Immunity and Standing**

As it held with respect to the Campers' original complaint, the Court finds that it

---

[3] Defendants' arguments in support of dismissal largely mirror their prior arguments, and the Court addressed those arguments at length in its prior decision. Because of this, the Court will not re-analyze certain arguments in such detail today. It relies on its prior analysis and findings and expands upon those holdings here only to the extent necessary.

does not have jurisdiction over the any claims for declaratory and injunctive relief based on principles of sovereign immunity and standing.

First, the Eleventh Amendment bars this Court from exercising jurisdiction because the Campers seek relief solely for past harms that do not fall within the *Ex parte Young*, 209 U.S. 123 (1908) exception. Besides their claims seeking monetary damages against Director Reynolds, the Court again finds that the Campers do not seek "prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). This is all the more true given that the Court has found that enforcing the anti-camping statute does not violate federal law. Thus, the Amended Complaint falls short of *Ex parte Young* and is subject to the Eleventh Amendment. For this reason, all claims for declaratory and injunctive relief must be dismissed.[4]

Second, in addition to sovereign immunity, the Court again finds that the Campers lack standing to bring a majority of their claims. As before, the Campers rely on *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) to establish standing, but the Court stands by its previous standing analysis distinguishing *Martin* from the present case. Dkt. 22, at 11.

Standing requires three elements: (1) the party invoking federal jurisdiction must have suffered some actual or threatened injury; (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the injury. *See,*

---

[4] Typically, the Court would dismiss these claims without prejudice. *See Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (holding that, typically, dismissal for lack of standing is without prejudice). But the Court has already done that in this case, and the Campers failed to adequately amend their claims. Dkt. 22, at 12. Accordingly, the Court will dismiss these claims at this time WITH PREJUDICE. *See Curry v. Yelp Inc.*, 875 F.3d 1219 (finding that the district court's "discretion to deny leave to amend is particularly broad" where it has previously granted a party leave to amend and it failed to remedy the deficiencies).

MEMORANDUM DECISION AND ORDER – 5

*e.g., Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1102 (9th Cir. 2016). These elements are commonly referred to as injury-in-fact, causation, and redressability.

The Campers have done nothing to remedy the Court's prior concerns regarding their lack of standing with respect to their claims for declaratory and injunctive relief. *See* Dkt. 22 at 9–12. However, the Court finds that the majority of Campers do have standing with respect to their § 1983 damages claims for Fourth Amendment search and seizure violations. At the motion to dismiss stage, allegations are presumed to be correct, and thus "general factual allegations of injury resulting from the defendant's conduct may suffice" to establish the prerequisites for standing. *Lujan*, 504 U.S. 555, 561 (1992).

In their Amended Complaint, the Campers supply facts describing with specificity which belongings of Fitzpatrick, Phillips, Fraizer, Mullenix, Pullman, and Walker were allegedly searched, seized, and immediately destroyed without a valid warrant or warrant exception. *See Dkt.* 24, at 8–20; 23–24. Viewing these allegations as true, the Court finds that these Plaintiffs have alleged actual and concrete injuries. Furthermore, because the Campers allege that these violations occurred at the direction and under the supervision of Director Reynolds, the Court finds that their injuries are fairly traceable to Director Reynolds. Finally, the Campers seek monetary damages to redress their injuries. Because damages could redress the destruction of personal property the Campers allege Director Reynolds caused, the Court finds that the redressability element is also met. Accordingly, the Court finds that Plaintiffs Fitzpatrick, Phillips, Fraizer, Mullenix, Pullman, and Walker

have standing to pursue their Fourth Amendment search and seizure claims.

The Court now turns to each claim.

**B. First Amendment—Freedoms of Petition, Assembly, and Speech**

As before, counts one and two of the Amended Complaint focus on the First Amendment freedoms of petition, assembly, and speech. Although given an opportunity to amend, the Campers added nothing to these claims in their Amended Complaint. They even recognize that, based on the Court's previous dismissal of such claims, they do not expect the result to be any different. Dkt. 30, at 5. Instead, they are standing solely on their previous allegations which they believe adequately state First Amendment claims, notwithstanding this Court's careful analysis concluding otherwise. *Id.* Thus, the Court again finds that the Campers have failed to state a First Amendment claim, as far as the freedoms of petition, assembly, and speech are concerned. Further, the Court finds that any further amendment would be futile, especially given that the Campers have failed to make any amendments to these claims when given the opportunity. *See Cervantes v Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (finding that a district court may dismiss without leave to amend when amendment appears futile). Consequently, these claims are dismissed with prejudice.

**C. First Amendment—Retaliation**

The Campers added a new count alleging the Officials' enforcement of the anti-camping statute was done in retaliation of them exercising their First Amendment rights.

To state a retaliation claim, plaintiffs must allege: (1) that they were engaged in a constitutionally protected activity, (2) that the defendant or defendants took actions that

would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) that the protected activity was a substantial or motivating factor in the defendant's or defendants' conduct; specifically that the defendants' "retaliatory animus" was the but-for cause of the plaintiffs' subsequent injury. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (citations omitted).

The Court holds the Campers have failed to state a retaliation claim for one glaring reason—violating a constitutional time, place, and manner restriction is not a constitutionally protected activity.[5] Each of the factors requires the presence of a constitutionally protected activity. The Campers' violation of the anti-camping statute is not a protected activity. The Officials' enforcement of those statutes is not retaliation for First Amendment expression and would not chill a person of ordinary firmness from continuing to engage in a protected activity. Thus, the Campers have failed to state a retaliation claim. The Court also finds that amendment would be futile given its previous findings, and so the retaliation claim is dismissed with prejudice. *See Cervantes*, 656 F.3d at 104.

D. **Fourth Amendment—Search & Seizure**

In its previous Order, the Court stated that the Campers' initial Complaint lacked sufficient factual meat to support a cognizable Fourth Amendment claim: only one Plaintiff had been specifically identified as being searched, the Complaint lacked information about which belongings were searched or what conduct constituted a search, and the seizure

---

[5] The Court has already spilled much ink in its previous decision explaining how the anti-camping statute comports with the Constitution, and it stands by that analysis today. Dkt. 22

claim rested on a tenuous analogy to *Lavan v. City of Los Angeles*, even though the Campers had not alleged any immediate destruction of seized property that would have placed the seizure within the purview of that case. 693 F.3d 1022 (9th Cir 2012).

In their Amended Complaint, the Campers reallege their claim that Section 67-16113A violates the Fourth Amendment's protections against unlawful searches and seizures. Dkt. 24, at ¶ 203. They also plead additional facts describing with specificity which Campers (specifically, Fitzpatrick, Phillips, Fraizer, Mullenix, Pullman, and Walker) had belongings that were searched, which of their personal belongings were searched and seized, and the circumstances wherein the alleged searches and seizures occurred. *See Dkt.* 24, at 8–20; 23–26. And the Campers now plead for the first time that, rather than holding the seized items for 90 days after seizure to provide an opportunity for the owners to reclaim them (as Section 67-1613A requires), the Idaho Department of Administration ("DOA") immediately destroyed their belongings after seizing them. *Id.* For the reasons described below, the Court finds that the Campers have remedied the defects that plagued the search and seizure claims in their initial Complaint, and now adequately plead a Fourth Amendment claim.[6]

The Fourth Amendment provides that the "right of people to be secure in their

---

[6] It is unclear whether Plaintiffs intended to include Christensen in their 4th Amendment claims or not. Regardless, his claim must fail. Christensen did not allege that any of his property was actually searched or seized; instead, he offers only the conclusory allegation that ISP officers "threatened to take" his property but that he evaded their efforts to do so. Because Christensen has failed to allege a viable Fourth Amendment claim even after being granted leave to amend by the Court, any intended Fourth Amendment claim with regard to Christensen is dismissed. Similarly, Plaintiffs have failed to allege any search or seizure related facts, whether threatened or actual, as to Plaintiff McKenzie. Accordingly, any Fourth Amendment claim with regard to McKenzie is dismissed with prejudice.

MEMORANDUM DECISION AND ORDER – 9

persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const., amend. IV. "A search occurs when the government intrudes upon an expectation of privacy that society is prepared to consider reasonable. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Lavan v. City of Los Angeles*, 639 F.3d 1022, 1027 (9th 2012). A plaintiff "need not show a reasonable expectation of privacy to enjoy the protection of the Fourth Amendment against seizures of their unabandoned property." *Lavan*, 963 F.3d at 1027–28.

Again, the Court notes that the District of Idaho has previously determined the statutory language of Idaho Code Section 67-1613A does not run afoul of the Fourth Amendment. Because "section 67-1613A authorizes seizures to protect the unattended property from vandalism or theft and to ensure that the remaining property does not continue to interfere with the use of state lands," seizures that comply with the statutory procedures "fit within the community caretaking exception [to the Fourth Amendment warrant requirement] and are therefore lawful." *Watters v. Otter*, 955 F. Supp 2d 1178, 1189 (D. Idaho 2013).

In *Watters*, Judge B. Lynn Winmill further held that "[b]ecause section 67-1613A provides for notice and some opportunity to be heard, as well as a 90-day storage period, the seizures the statute authorizes would not violate the Fourth Amendment." *Id.* Judge Winmill also recognized that the camper plaintiffs' Fourth Amendment rights in that case were adequately protected under Section 67-1613A "assuming the state follows the[] procedures outlined in the statute. *Id*. at 1191.

MEMORANDUM DECISION AND ORDER – 10

This time around, Campers allege that the state *did not* follow the procedures outlined in the statute. They argue that the DOA, under the supervision and direction of Directors Mills and Reynolds, violated the procedures set forth in Section 67-1613A by immediately destroying their property and personal effects after seizing them, rather than holding them for 90 days to be reclaimed. These allegations, if true, would make the DOA's conduct indistinguishable from the conduct that the Ninth Circuit declared unlawful in *Lavan*, where police officers confiscated and *immediately* destroyed personal belongings that homeless individuals left temporarily unattended on public sidewalks in violation of a city ordinance. 693 F.3d at 1030–32. While the *Lavan* Court concluded that the initial seizure was lawful, the immediate destruction of the property was not. *Id.* Similarly, the District of Idaho already noted in *Watters* that the *immediate* destruction of seized property could render an otherwise lawful seizure unreasonable. *Watters*, 955 F. Supp. 2d at 1189.

It may be true that the State's initial seizure of Campers' belongings was lawful. But if the State then violated its own policy and immediately destroyed those belongings, rather than holding them for 90-day storage period required under Section 67-1613A, the seizure may still run afoul of the Fourth Amendment. *See United States v. Jacobsen*, 446 U.S. 109, 124-125 (1984) ("a seizure that is lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on unreasonable seizures."). Thus, viewed in the light most favorable to the Campers, the new facts alleged in the Amended Complaint are sufficient to support a Fourth Amendment claim. The Court will allow Plaintiffs Fitzpatrick, Phillips, Fraizer, Mullenix, Pullman, and Walker's Fourth

Amendment claims to proceed.

### E. Fourteenth Amendment

The Campers did little to amend their Fourteenth Amendment claim; nearly all the modifications in their Complaint under "Unreasonable Seizure and Violation of Due Process" relate to search and seizure, rather than any due process violation. Given the Campers' failure to adequately amend their Fourteenth Amendment claims when given leave to do so, the Court dismisses their Fourteenth Amendment claims with prejudice. *See Cervantes*, 656 F.3d at 104.

### F. State-Created Danger

The Campers acknowledge that they have not added any factual allegations supporting this claim. Instead, they rely solely on their state created danger claim in the original complaint. Given this, the Court again finds that the Campers have failed to state a state created danger claim based on the Court's previous decision. Dkt. 22, at 31–32. Moreover, the Court finds that any further amendment would be futile, especially given that the Campers have failed to make any amendments to this claim when given the opportunity. Thus, this claim is dismissed with prejudice. *See Cervantes*, 656 F.3d at 104.

### G. Directors Wills and Reynolds' Qualified Immunity

The Officials argue the Campers' Fourth Amendment claim should also be dismissed because it is barred by qualified immunity. In deciding whether qualified immunity applies, the court asks two questions: (1) did the officer violate a constitutional right, and (2) was that right clearly established at the time of the events at issue? *Seidner*, 39 F.4th at 595. For purposes of § 1983, a right is clearly established when existing

controlling precedent "has placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Because the Campers have failed to state any cognizable First, Eighth, or Fourteenth Amendment claims in their Amended Complaint, the Court reaffirms the qualified immunity analysis in its prior order with respect to those claims. However, the Campers have now adequately stated a Fourth Amendment claim based on alleged conduct that controlling Ninth Circuit precedent clearly determined to be unlawful. As discussed above, the Ninth Circuit in *Lavan* established that the Fourth Amendment "protect[s] homeless persons from government seizure and summary destruction of their unabandoned, but momentarily unattended, personal property." *Lavan*, 693 F.3d at 1024.

The Campers have supplied sufficient facts that, if true, would place the Officers' conduct squarely within that clearly established as unconstitutional in *Lavan*, and thus could support a waiver of qualified immunity. Although at this stage of the proceedings the Court need not make a final determination as to whether qualified immunity has in fact been waived here, the Court finds the Campers have put forth sufficient facts to plausibly allege Directors Wills and Reynolds are not immune from suit with respect their Fourth Amendment claims.

**H. Eighth Amendment**

In its previous decision, the Court dismissed both of the Campers' Eighth Amendment claims with prejudice. Yet, the Campers kept those claims in their First Amended complaint, stating that they have not "re-pleaded" these claims. Nonetheless, they note that they have kept them in to preserve those issues for appeal.

While the Court understands the Campers' concern with preserving the issues for appeal, it notes, as did the Officials, that this is an unnecessary burden on limited judicial resources. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). To preserve issues for appeal, litigants are not required to re-plead in amended complaints claims that were dismissed with prejudice and without leave to amend. *Id.* Consequently, the Court strikes counts E and F from the Amended Complaint.

## V. CONCLUSION

In addition to the issues with the Eleventh Amendment and standing, the Campers' Complaint fails to state a plausible claim on nearly all counts. The Campers conflate and confuse the issues, which, coupled with lean factual meat, means that the Court must dismiss Claims A–C and D–G with prejudice. Insofar as Plaintiffs Christensen or McKenzie seek relief for any Fourth Amendment violations, the Court also dismisses those claims with prejudice. However, Plaintiffs Fitzpatrick, Phillips, Fraizer, Mullenix, Pullman, and Walker have alleged sufficient facts in the Amended Complaint to support a cognizable Fourth Amendment claim against Director Reynolds.

## VI. ORDER

The Court HEREBY ORDERS:

1. Defendants' Motion to Dismiss (Dkt. 29) is GRANTED in PART and DENIED in PART.

2. Counts A–C and E–G are DISMISSED with PREJUDICE. The Fourteenth Amendment claim within Count D is also DISMISSED with PREJUDICE.

3. Plaintiffs Christensen and McKenzie's Fourth Amendment claims within Count D are DISMISSED with PREJUDICE.

4. The Court will notice a telephonic scheduling conference at its earliest convenience so that the parties can begin discovery.

DATED: March 26, 2024

_____
David C. Nye
Chief U.S. District Court Judge