UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT FITZPATRICK; ALICIA PHILLIPS; DAVID FRAIZER; JERRY MULLENIX; TIMOTHY CHRISTENSEN; YOLANDA PULLMAN; and VERONICA WALKER,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD LITTLE, in his official capacity as Governor of the State of Idaho; KEITH REYNOLDS, in his individual capacity and in his official capacity as Director of the Idaho Department of Administration; and COL. KENDRICK WILLS, in his official capacity as Director of the Idaho State Police,<br><br>Defendants. | Case No. 1:22-cv-00162-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION & BACKGROUND

Before the Court is Defendant Keith Reynolds's Motion to Dismiss Non-Appearing Plaintiffs. Dkt. 78. Reynolds ask the Court to dismiss Plaintiffs Alicia Phillips and Yolanda Pullman because they have not appeared either personally or by counsel since the Court granted their previous counsel's motion to withdraw. *See* Dkt. 71.

In its Order granting the motion to withdraw, the Court ordered Phillips and Pullman to appear personally or by counsel within 21 days of their receipt of the Order, and noted that failure to appear may result in dismissal. *Id.* at 2. The Order was served on Phillips and Pullman by email and U.S. Mail on October 2, 2025. Dkt. 72.

MEMORANDUM DECISION AND ORDER - 1

On April 3, 2026, Reynolds moved to dismiss Phillips and Pullman for failure to appear. Dkt. 78. He served his motion on Phillips and Pullman's by U.S. Mail to their last known addresses. Dkt. 78, at 3.

## II. LEGAL STANDARD

Under Ninth Circuit precedent,

> [i]n determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The same standard applies when dismissing a plaintiff who fails to appear. *See Conley v. Jaguar Land Rover NA HQ*, 2025 WL 2687904 (D. Idaho Sept. 19, 2025). The Court must notify the plaintiff that dismissal is imminent. *Id.* (citing *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992)).

## III. DISCUSSION

### A. Public interest in expeditious resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642. Here, that interest is especially acute: Phillips and Pullman were notified they needed to appear on October 2, 2025. Their time to appear passed on October 23, 2025, over six months ago. The public interest in expeditious resolution of litigation favors dismissal.

### B. The Court's need to manage its docket

This case was filed in 2022. Continuing to wait for Phillips and Pullman to appear

MEMORANDUM DECISION AND ORDER - 2

would further delay an already-old case. Because further delay would prevent this case from resolving, the Court's need to manage its docket favors dismissal.

### C. Risk of prejudice

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* Prejudice is presumed from an unreasonable delay, *Conley*, 2025 WL 2687904 at *1, and an unexplained six-month delay in appearing is objectively unreasonable. The prejudice prong favors dismissal as well.

### D. The availability of less drastic remedies

The Court ordered Phillips and Pullman to appear within 21 days. Dkt. 71. It has been six months. *See* Dkt. 72. When a plaintiff remains in an active default, the Court has no remedy at its disposal other than dismissal. Because there are no less drastic remedies available, this prong favors dismissal.

### E. Public policy favoring disposition on the merits

The public interest in resolving the case on the merits always cuts against dismissing a plaintiff's case.

### F. Notice

Phillips and Pullman were notified on October 2, 2025, that failure to appear may result in dismissal with prejudice and without further notice. Dkts. 71, 72. Additionally, Phillips and Pullman were notified by U.S. Mail that Defendants had moved for their dismissal. Dkt. 78, at 3. Phillips and Pullman thus had notice from the Court and Defendants that dismissal was imminent.

MEMORANDUM DECISION AND ORDER - 3

## IV. CONCLUSION

Upon review, the Court finds that four of the five dismissal factors strongly favor dismissal and that Phillips and Pullman had sufficient notice of imminent dismissal. The Court, therefore, DISMISSES Phillips and Pullman with prejudice for failure to appear, failure to prosecute, and failure to comply with a Court order.

## V. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (Dkt.78) is GRANTED.

2. The cases of Alicia Phillips and Yolanda Pullman are DISMISSED WITH PREJUDICE.

DATED: May 4, 2026

_____

David C. Nye
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**